# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT BOWLING GREEN

**COREY JAMES BUTTS**                                                                 **PLAINTIFF**

**v.**                                                       **CIVIL ACTION NO. 1:17-CV-P183-GNS**

**STEPHEN HARMON** *et al.*                                               **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This is a *pro se* civil rights action brought by a pretrial detainee pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff Corey James Butts leave to proceed *in forma pauperis*. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the action will be dismissed in part and allowed to continue in part.

## I. SUMMARY OF COMPLAINT

Plaintiff, a pretrial detainee, was formerly incarcerated at the Warren County Regional Jail (WCRJ). He brings this 42 U.S.C. § 1983 action against nine WCRJ officials in both their official and individual capacities – Captain Laura Vance; Captain Kim James; Lieutenant Deputy Douglas Miles; Sergeant Deputy Amir Ziga; Lieutenant Deputy Jeff Bryant; Sergeant Deputy Irina Avakova; Deputy Megan Sundel; Jailer Stephen Harmon; and Chief Deputy Jailer Misse Causey.

Plaintiff first alleges that Defendants Vance and James violated his constitutional rights by putting him in a "restraint chair" for over 4 hours "without medical attention, drinking water, and restroom privilege." Plaintiff claims that as a result of this incident he sustained "prolonged injury to [his] shoulder, arm/nerve damage." He then writes: "This is cruel and unusual punishment." Plaintiff also claims that he was denied due process because he was not allowed to file a complaint against these Defendants.

Plaintiff next alleges that Defendants Miles and Ziga "conducted a strip search on me, made me bend over and squat and [Defendant] Miles called me a rapeist and slapped me on my right butt cheek so hard that it left a bruised hand print and [Defendant] Ziga was holding my head down to where I could not move." Plaintiff then writes: "This was cruel and unusual punishment along with physical assault." Plaintiff then states that his due process rights were also violated because he was not allowed to "file a PREA with an outside agency until almost 1 month later."

Plaintiff next claims that Defendants Bryant and Avakova "left [him] in the restraint chair for 10 hours without drinking water, medical attention, or restroom use." He further states that he was mentally and physically abused by both of these Defendants and that he sustained "prolonged injuries as a result." Plaintiff again states that this constituted cruel and unusual punishment.

Plaintiff then claims that Defendant Sandel violated his constitutional rights by retaliating against him for filing a grievance. He claims she made a false report against him "which is now in outside court, terroristic threatening, 3rd degree."

Finally, Plaintiff claims that Defendants Harmon and Causey "knew about the wrong doing but did not try to stop the abuse or even fix the problem. They also failed to oversee the people who caused the wrongdoing, such as by hiring unqualified people and failing to adequately train their staff." Plaintiff continues: "The Warren County Regional Jail created a policy or custom that has allowed wrongdoing to occur to the helpless inmates. Due to this situation, my life was in danger I was mentally and physically abused by the deputies and I have also sustained a life time of 'nerve damage' and 'kidney problems.'"

As relief, Plaintiff seeks compensatory and punitive damages.

## II. LEGAL STANDARD

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 608 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while liberal, this standard of review does require more than the bare assertion of legal conclusions. *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). The Court's duty "does not

require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere. *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "A plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a § 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

#### A. Procedural Due Process Claims

Plaintiff claims his due process rights were violated because he was not allowed to file a "complaint" against certain Defendants for violating his rights. While it is not clear what Plaintiff means when he refers to a complaint, the Court presumes that he is alleging that he was not allowed to file a prison grievance against certain individuals. However, Plaintiff has no due process right to file a prison grievance. Indeed, the courts repeatedly have held that there exists no constitutionally protected due process right to an effective prison grievance procedure. *See Hewitt v. Helms*, 459 U.S. 460, 467 (1983); *Walker v. Mich. Dep't of Corr.*, 128 F. App'x 441,

4

445 (6th Cir. 2005); *Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003); *Young v. Gundy*, 30 F. App'x 568, 569-70 (6th Cir. 2002). Thus, Plaintiff's claims based upon a violation of his due process rights must be dismissed for failure to state a claim upon which relief may be granted.

### B. PREA Claim

Plaintiff also claims that his rights were violated because he not allowed to file a Prison Rape Elimination Act (PREA) complaint for one month. The PREA "does not create a right of action that is privately enforceable by an individual civil litigant." *Porter v. Louisville Jefferson Cty. Metro Gov't*, No. 3:13CV-923-H, 2014 U.S. Dist. LEXIS 168669, at *8 (W.D. Ky. Dec. 5, 2014) (quoting *LeMasters v. Fabian*, No. 09-702 DSD/AJB, 2009 U.S. Dist. LEXIS 53016 (D. Minn. Apr. 17, 2009), and collecting cases); *see also Hill v. Hickman Cty. Jail*, No. 1:15-cv-71, 2015 U.S. Dist. LEXIS 110865 (M.D. Tenn. Aug. 21, 2015); *Simmons v. Solozano*, No. 3:14CV-P354-H, 2014 U.S. Dist. LEXIS 129249 (W.D. Ky. Sept. 16, 2014). As stated by another district court:

> The PREA confers no private right of action. The PREA is intended to address the problem of rape in prison, authorizes grant money, and creates a commission to study the issue. 42 U.S.C. § 15601 *et seq*. The statute does not grant prisoners any specific rights. In the absence of "an 'unambiguous' intent to confer individual rights," such as a right to sue, courts will not imply such a right in a federal funding provision.

*Chinnici v. Edwards*, 1:07-CV-229, 2008 U.S. Dist. LEXIS 119933, at *7-8 (D.C. Ver. July 23, 2008) (quoting *Gonzaga Univ. v. Doe*, 536 U.S. 273, 279-80 (2002)).

Like the cited courts, this Court concludes that the PREA creates no private right of action. Therefore, to the extent the complaint might be construed as bringing a claim under the PREA, such claim must be dismissed for failure to state a claim upon which relief may be granted.

### C. Official-Capacity Claims

Plaintiff sues all Defendants in their official capacities. "[O]fficial-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Thus, Plaintiff's official-capacity claim against Defendants, as employees of the WCRJ, are actually against their employer, Warren County. *See, e.g.*, *Lambert v. Hartman*, 517 F.3d 433, 440 (6th Cir. 2008) (stating that civil rights suit against county clerk of courts in his official capacity was equivalent of suing clerk's employer, the county). When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality or private corporation is responsible for that violation. *Collins v. City of Harker Heights*, *Tex.*, 503 U.S. 115, 120 (1992). The municipality is only liable when an official policy or custom of the corporation causes the alleged deprivation of federal rights. *See Street v. Corr. Corp. of Am.*, 102 F.3d 810, 818 (6th Cir. 1996) ("*Monell* involved a municipal corporation, but every circuit to consider the issue has extended the holding to private corporations as well."). Municipalities cannot be held liable under § 1983 for torts committed by its employees when such liability is predicated solely upon a theory of *respondeat superior*. *Austin v. Paramount Parks, Inc.*, 195 F.3d 715, 728 (4th Cir. 1999).

Here, Plaintiff alleges that Defendants Harmon and Causey, the WCRJ Jailer and Chief Deputy Jailer, "failed to oversee the people who caused the wrongdoing, such as by hiring unqualified people and failing to adequately train their staff." Plaintiff continues: "The Warren County Regional Jail created a policy or custom that has allowed wrongdoing to occur to the helpless inmates. Due to this situation, my life was in danger I was mentally and physically

6

abused by the deputies and I have also sustained a life time of 'nerve damage' and 'kidney problems.'"

The Court construes these allegations as stating a claim against Warren County for having a custom or policy of failing to train and supervise the individual Defendants which resulted in the violation of Plaintiff's constitutional rights. Based upon these allegations, the Court will allow Plaintiff's official-capacity claims against all Plaintiffs to proceed at this time.

### D. Individual-Capacity Claims

#### 1. Defendants Harmon and Causey

Plaintiff alleges that Defendants Harmon and Causey "knew about the wrong doing [alleged in the complaint] but did not try to stop the abuse or even fix the problem." The Court construes this allegation as attempting to state a claim against Defendants Harmon and Causey based upon supervisory liability. However, under 42 U.S.C. § 1983, "[g]overnment officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *see also Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Rather, a plaintiff must "plead that each Government-official defendant, through the official's own official actions, violated the Constitution." *Iqbal*, 556 U.S. at 676. Thus, for supervisors, such as Defendants Harmon and Causey to be held liable under § 1983, they must have had personal involvement in the alleged unconstitutional conduct in order to be held liable for the conduct about which the plaintiff complains. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999).

Further, a prison official cannot be held liable under § 1983 either for denying administrative grievances or for failing to remedy alleged unconstitutional behavior, because such actions are not equivalent to "approv[ing] or knowingly acquiesc[ing] in the

unconstitutional conduct," for which supervisors can be liable. *Shehee*, 199 F.3d at 300. This concept holds true even if the supervisors have actual knowledge of the alleged constitutional violation, and even if the supervisors were involved in denying a grievance which raised the alleged constitutional violations. *Id.*; *see also Horton v. Martin*, 137 F. App'x 773, 775 (6th Cir. 2005) ("[Plaintiff] merely alleged that Martin failed to remedy the situation after he had been informed of the problem via [plaintiff's] grievance. [This] allegation does not state a claim because the doctrine of respondeat superior does not apply in § 1983 lawsuits to impute liability onto supervisory personnel."); *Stewart v. Taft*, 235 F.Supp.2d 763, 767 (N.D. Ohio 2002) ("supervisory liability under § 1983 cannot attach where the allegation of liability is based upon a mere failure to act").

Thus, the Court concludes that Plaintiff has failed to state a claim against Defendants Harmon and Causey in their individual capacities under § 1983.

### 2. Defendants Vance, James, Miles, Ziga, Bryant, & Avakova

With regard to Plaintiff's claims against Defendants Vance, James, Miles, Ziga, Bryant, and Avakova, Plaintiff claims that his constitutional rights were violated because they subjected him to "cruel and unusual punishment." Pretrial detainees held in jail are protected under the Due Process Clause of the Fourteenth Amendment, which provides that "a detainee may not be punished prior to an adjudication of guilt in accordance with due process of law." *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). Thus, upon review, the Court will allow Plaintiff's claims of cruel and unusual punishment to proceed as claims under the Fourteenth Amendment against Defendants Vance, James, Miles, Ziga, Bryant, and Avakova in their individual capacities.

### 3. Defendant Sandel

In addition, the Court will also allow Plaintiff's First Amendment retaliation claim to proceed against Defendant Sandel in her individual capacity.

### E. State-Law Claims

Based upon the allegations contained in the complaint, the Court will allow Plaintiff's state-law claims against Defendants Harmon and Causey for negligent hiring and supervision and his state-law claims for assault against Defendants Miles and Ziga to proceed at this time.

### IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's due process and PREA claims are dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that § 1983 claims individual-capacity claims against Defendants Harmon and Causey are also **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

The Court will enter a separate Order Regarding Service and Scheduling Order consistent with this Memorandum Opinion and Order to govern the development of the continuing claims.

Date: January 11, 2018

**Greg N. Stivers, Judge**
**United States District Court**

cc: Plaintiff, *pro se*
    Defendants
    Warren County Attorney
4416.011